UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL JAMES DIXON**                                                    **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 1:23-cv-00357-LG-BWR**

**CERTAIN UNDERWRITERS
AT LLOYD'S OF LONDON SUBSCRIBING
TO POLICY NO. VAR679025R2**                                                **DEFENDANT**

**PLAINTIFF'S AMENDED COMPLAINT**
(Jury Trial Requested)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Michael James Dixon, Plaintiff in the above entitled and numbered cause, complaining of and against Certain Underwriters at Lloyd's of London Subscribing to Policy No. VAR679025R2, Defendant herein, and for cause of action would respectfully show unto the Court as follows:

**I. DISCOVERY CONTROL PLAN**

**1.**

Discovery is intended to be conducted pursuant to Fed. R. Civ. P. 26.

**II. PARTIES**

**2.**

Plaintiff **MICHAEL JAMES DIXON** is an adult resident of the County of Harrison, in the State of Mississippi.

**3.**

Defendant **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON** is an insurer domiciled in the State of New York who is authorized to do and is doing business in the State of

Mississippi, which may be served through its Registered Agent for Service of Process, Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829.

### III. VENUE AND JURISDICTION

4.

This action was originally filed in the Circuit Court of George County, Mississippi. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division of the original action.

### IV. PROCEDURAL HISTORY

5.

This action was originally filed in the Circuit Court of George County, Mississippi and was assigned Case number 20CI1:23-cv-00248-KJ. The Defendant removed the action to the United States District Court Southern District of Mississippi Southern Division on October 27, 2023, and a new case number was assigned, 1:23-cv-298 LG-BWR. The original pleading contained multiple plaintiffs with individual claims, and the Defendant requested severance of the plaintiff' claims. An Order for Severance was granted on December 11, 2023. This action was then assigned the current Cause number in this matter, 1:23-cv-357 HSO-BWR.

### V. RELEVANT FACTS

6.

At all relevant times, Michael James Dixon owned the property located at 7646 Madison Drive, Biloxi, MS 39532 (the "Madison Drive Property").

7.

At all relevant times, Certain Underwriters at Lloyd's of London provided a policy of insurance, number 20SSIU107759.2 (the "Madison Drive Policy"), to Michael James Dixon

which covered the Madison Drive Property against perils including wind and provided the following coverages: $158,000.00 for Dwelling and $15,000.00 for Personal Property.

8.

On or around October 28, 2020, Hurricane Zeta made landfall, causing damage across Louisiana and south Mississippi, and extending to the Madison Drive Property in Harrison County, Mississippi.

9.

As a result of the storm, the Madison Drive Property sustained significant damage, specifically involving, but not limited to, damage to the roof and siding as well as interior damage caused by water intrusion due to the external damages.

10.

Michael James Dixon promptly reported the loss to Certain Underwriters at Lloyd's of London, who assigned it claim number XSU191986 (the "Madison Drive Claim").

11.

Defendant refused to inspect the Madison Drive Property.

12.

Upon realizing that Defendant would not adjust the Plaintiff' claims fairly or accurately, the Plaintiff retained independent adjuster Exact Building Consultants, Inc. to inspect the Properties and value their damages. Previous Counsel requested appraisal for the contested repairs as provided under the policy due to storm damages. The Defendant refused. See Exhibit A.[1]

13.

Exact Building Consultants, Inc. inspected the Madison Drive Property on or about July

---

[1] Attached here, Exhibit A, as if pled verbatim in this Complaint.

26, 2022, and documented $43,837.22 in damages to the Dwelling. Exhibit B.[2]

**14.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**15.**

The Plaintiff received a check for $1,984.80. No further payments have been made.

**16.**

Defendant has failed and refused to evaluate the information and surrounding facts regarding the Plaintiff' covered claims, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants.

**17.**

Defendant has persisted in refusing to pay the full amount due to the Plaintiff's claims. No reasonable basis exists or has existed at any time for Defendant's delay and/ or refusal to provide covered benefits due and owing under the policies.

**18.**

Defendant's failure to comply with the terms of its own policies caused and continues to cause significant delay to repair of the Properties.

**19.**

At all relevant times, Plaintiff have complied with their obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to

---

[2] Attached here, Exhibit B, as if pled verbatim in this Complaint.

protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

20.

Upon information and belief, Defendant purposefully and/ or negligently failed to timely tender benefits due to the Plaintiff after having received satisfactory proof of loss.

21.

Upon information and belief, Defendant purposefully and/ or negligently misrepresented to the Plaintiff the terms and conditions of the policies.

22.

Upon information and belief, Defendant conducted the investigation and claims handling for the Plaintiff in bad faith, as that term is used in conjunction with Mississippi's insurance code.

23.

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

24.

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

25.

The Plaintiff has incurred or will incur additional expenses in repairing the Properties as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

26.

As a result of Certain Underwriters at Lloyd's of London failure to timely and adequately compensate the Plaintiff for their covered loss, they were forced to incur the expenses of

retaining counsel and other expenses to prosecute their claims.

27.

At and during the time of the acts and/ or omissions complained of herein, any acts and/ or omissions committed by an agent, representative, or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Defendant is therefore liable to the Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## VI. CAUSES OF ACTION

### A. Breach of Contract

28.

The Plaintiff reallege and re-aver the allegations contained in paragraphs 1-26, above, as if restated herein.

29.

Defendant owes a duty to its policyholders to make prompt and proper payment for all claims, to make its policy limits available to the insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

30.

The Plaintiff has now suffered covered losses under the policies.

31.

Certain Underwriters at Lloyd's of London breached its contractual duties and failed to provide reasonable and adequate insurance coverage to the Plaintiff by:

a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

    b. Purposely and/ or negligently misrepresenting to the Plaintiff the terms and conditions of the policies.

    c. Failing to conduct the claims handling for the Plaintiff' claims in good faith and with fair dealing;

    d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

    e. Failing to include adequate overhead and profit in its estimates of damages.

### 32.

The Plaintiff has suffered and continues to suffer damages as a result of these breaches of the policies.

### B. Bad Faith

### 33.

The Plaintiff reallege and re-aver the allegations contained in paragraphs 1-31, above, as if restated herein.

### 34.

Defendant, at all relevant times, owed a duty of good faith and fair dealing to the Plaintiff in the handling and administration of their property damage claims.

### 35.

The actions and/ or inactions of Certain Underwriters at Lloyd's of London in failing to timely and adequately compensate the Plaintiff for their covered losses under the policies were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making Certain Underwriters at Lloyd's of London liable for bad faith penalties.

**36.**

Defendant Certain Underwriters at Lloyd's of London breached this duty by failing to provide payment for property damage in a reasonable manner.

**37.**

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

**38.**

Defendant either knew or should have known that the Plaintiff suffered a property loss and should have made payments on the claim without unreasonable and avoidable delay.

**39.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by the Plaintiff, and but for their breach the harm suffered by the Plaintiff would have been avoided.

**40.**

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

**C. DAMAGES**

**41.**

The Plaintiff reallege and re-aver the allegations contained in the preceding paragraphs above, as if restated herein.

**42.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad

acts, the Plaintiff have incurred the following, non-exclusive damages:

a. Diminution of the value of the Properties;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Properties;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## VII. JURY DEMAND

**43.**

The Plaintiff demands a trial by jury to resolve all fact issues in this case. The Plaintiff requests that this matter be tried before a jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial hereof, the Plaintiff recover from said Defendant, individually, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which the Plaintiff may be justly entitled.

Respectfully submitted,

**(SIGNATURE NEXT PAGE)**

                          **WEBSTER VICKNAIR MACLEOD**

By: _____
JASON C. WEBSTER
MS Bar no. 100920
6200 Savoy Dr. Ste. 150
Houston, Texas 77036
(713) 581-3900 (telephone)
(713) 581-3907 (facsimile)
filing@wvmlaw.com